T.C. Summary Opinion 2014-38

UNITED STATES TAX COURT

GEORGE L. BILLECI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30891-12S.                    Filed April 17, 2014.

<u>Milan Saha</u> and <u>Daniel S. Makoski</u>, for petitioner.

<u>Marissa J. Savit</u>, <u>Rebekah A. Myers</u>, and <u>Eugene A. Kornel</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>: This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all statutory references are to the Internal
Revenue Code (Code) in effect for the tax years in issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure. We round all dollar

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined, with respect to petitioner's Federal income tax for 2008 and 2009, deficiencies of $8,685 and $10,402, respectively; section 6662(a) penalties of $1,737 and $2,080, respectively; and a section 6651(a)(1) addition to tax of $2,180 for 2008. After concessions,[2] the issues for decision are: (1) whether loss deductions claimed on petitioner's Schedule E, Supplemental Income and Loss, should be disallowed for 2008 and 2009 under section 469 (we hold that they should); (2) whether petitioner is liable under section 6651(a)(1) for an addition to tax for late filing of a tax return for 2008 (we hold that he is); and (3) whether petitioner is liable for accuracy-related penalties under section 6662(a) (we hold that he is not).

---

[1](...continued)
amounts to the nearest dollar.

[2]Respondent determined that petitioner's returns had omitted $94 of wage income for 2008 and $95 of interest income for 2009. Petitioner did not assign error in his petition to either item or supply argument or other evidence concerning them at trial. We deem him to have conceded these points. See Rule 34(b)(4) (concession by failing to assign error); Leahy v. Commissioner, 87 T.C. 56, 73-74 (1986) (concession by failing to argue).

3

## Background

Certain facts and exhibits have been stipulated and are incorporated by this reference. Petitioner lived in New York when he filed his petition.

Petitioner was unemployed during 2008 and 2009.[3] During these years he owned four rental properties, comprising 13 rental units, in Port Jervis, New York (collectively, rental properties). Petitioner acted as landlord for the rental properties and performed the customary functions of finding tenants, collecting rents, doing repairs and maintenance (sometimes with the help of independent contractors), taking care of garbage, and managing evictions.

Petitioner owned a fifth property in Milford, Pennsylvania. This was an eight-acre parcel of land that petitioner hoped to develop into a family amusement center (Milford project). During 2008-09 the development was at an early stage. Petitioner met with site managers, architects, engineers, building planners, and community officials to begin the development process. Because of the financial crisis, the Milford project never moved past the planning stage.

Petitioner did not keep a contemporaneous log detailing his real estate activities during 2008-09. Sometime during 2010 he created a log using Google Calendar. Petitioner used receipts, bills, canceled checks, and other documents in

---

[3]The reportable wages he received in 2008 were from a severance package.

an effort to reconstruct his activities. Generally, the calendar has one to three entries per day. Each entry includes a start time, such as "9:30," but does not include an end time. Many entries recite a rental property address (e.g., "77 West Main"); others describe petitioner's activity (e.g., "Call bank" or "Home Depot"). Petitioner lived in Manhattan, about two hours from Port Jervis, and many entries reflect commuting time (e.g., "drove to port j"). Many entries are cut off because of how the document was printed. For example, the entries for January 3, 2008, read: "Picked up su," "77 west Ma," and "Real Estate D." A paper copy of the Google Calendar was received in evidence; we are unable to determine whether additional detail would have been available electronically.

Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for 2008 and 2009. Petitioner timely requested, and was granted, an extension of time to file his 2008 return. With the extension, his 2008 return was due on October 15, 2009, but it was not filed until February 16, 2010. His 2009 return was filed timely.

On Schedule E of his 2008 return, petitioner reported rents received of $107,240 and claimed a real estate loss deduction of $35,755. On Schedule E of his 2009 return he reported rents received of $98,455 and claimed a real estate loss deduction of $40,969. On neither return did he report income or claim deductions

with respect to the Milford project. Respondent disallowed all loss deductions claimed except for $852 for 2008. Petitioner timely petitioned this Court for redetermination of the resulting deficiencies.

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer likewise bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact. Respondent bears the burden of production, but petitioner bears the burden of proof, with respect to the addition to tax under section 6651 and any accuracy-related penalty under section 6662. See sec. 7491(c).

1.    Section 469

Taxpayers are allowed deductions for certain business and investment expenses under sections 162 and 212. However, if a taxpayer is an individual, section 469(a) disallows a "passive activity loss" for the taxable year. See sec.

469(b) (allowing carryforward of disallowed loss to next taxable year). Section 469(c) defines "passive activities" to include activities involving a trade or business in which the taxpayer does not "materially participate" and "any rental activity" regardless of whether the taxpayer "materially participates." Sec. 469(c)(1) and (2). As relevant here, there are two exceptions to this disallowance rule: for real estate professionals under section 469(c)(7) and for passive activity losses up to $25,000 under section 469(i) (subject to phaseout based on adjusted gross income).

Under the first exception, rental activities of a qualifying taxpayer in a real property business (a real estate professional) are not per se passive activities. Sec. 469(c)(7)(A); see Kosonen v. Commissioner, T.C. Memo. 2000-107, 79 T.C. M. (CCH) 1765 (2000); sec. 1.469-9(b)(6), (c)(1), Income Tax Regs. Rather, if the taxpayer materially participates in the rental real estate activities, then these activities are treated as nonpassive activities and the section 469(a) disallowance shall not apply to that portion of the claimed losses. See Shiekh v. Commissioner, T.C. Memo. 2010-126; Fowler v. Commissioner, T.C. Memo. 2002-223; sec. 1.469-9(e)(1), Income Tax Regs. A taxpayer qualifies as a real estate professional if he owns at least one interest in rental real estate and meets both of the following requirements:

(i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

(ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which * * * [he] materially participates.

Sec. 469(c)(7)(B)(i) and (ii); see sec. 1.469-9(b)(6), Income Tax Regs.

Because petitioner was not otherwise employed during 2008 or 2009, we need turn our attention only to the second part of this test. We look at all of a taxpayer's real property trades or businesses, including rental activities, to determine whether the 750-hour threshold is met. Fitch v. Commissioner, T.C. Memo. 2012-358, supplemented by T.C. Memo. 2013-244; Fowler, T.C. Memo. 2002-223. If the taxpayer does not materially participate in a particular trade or business, the time he devotes to that activity does not count toward the 750-hour requirement. Sec. 469(c)(7)(B)(ii); see DeGuzman v. United States, 147 F. Supp. 2d 274 (D.N.J. 2001). Initially, we must determine whether petitioner materially participated in any of his "real property trades or businesses," specifically his rental activities. Only those real property trades or businesses in which a taxpayer "materially participates" may be counted toward the 750-hour requirement.

In assessing "material participation," each interest in rental real estate--here, each rental property owned--will be treated as a separate rental real estate activity unless the taxpayer makes an election to treat all such activities as a single activity. Sec. 469(c)(7)(A); Fitch, T.C. Memo. 2012-358; sec. 1.469-9(e)(1), Income Tax Regs. The statement of election "must contain a declaration that the taxpayer is a qualifying taxpayer * * * and is making the election pursuant to section 469(c)(7)(A)," and it must be filed "with the taxpayer's original income tax return for the taxable year." Sec. 1.469-9(g)(3), Income Tax Regs. Once such an election is made, it remains in force until properly revoked. Id. This statement of election requires an affirmative declaration by the taxpayer; simply listing multiple rental properties on Schedule E, without more, in insufficient. Kosonen, 79 T.C.M. (CCH) at 1768. A taxpayer's intention of aggregating properties, without a proper election, is also insufficient. Id.

Although petitioner stated that he had made the section 469(c)(7)(A) election, he submitted no evidence to this effect. No statement of election appears in his 2008 or 2009 tax return. And petitioner provided no evidence that he made this election on a prior tax return. On the basis of the record before us, petitioner has not met his burden to show that he made an election to treat all of his interests in rental real estate as a single activity. Thus, each property will be treated as a

separate rental real estate activity, and whether he "materially participated" will be determined separately for each property.  See sec. 1.469-9(e)(1), Income Tax Regs.

A taxpayer is considered to have "materially participated" in a particular rental activity if one of seven tests set forth in the regulations is met.  Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988). Two tests, set forth in paragraph (a)(2) and (3), are most relevant here:[4]

> (2)  The individual's participation in the activity for the taxable year constitutes substantially all of the participation in such activity of all individuals (including individuals who are not owners of interests in the activity) for such year;

> (3)  The individual participates in the activity for more than 100 hours during the taxable year, and such individual's participation in the activity for the taxable year is not less than the participation in the activity of any other individual (including individuals who are not owners of interests in the activity) for such year.

---

[4]A third test, under paragraph (a)(7), also requires a taxpayer to participate in an activity for more than 100 hours annually in order to satisfy the material participation standard.  Sec. 1.469-5T(b)(2)(iii), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb. 25, 1988).  For the reasons set out below, petitioner has failed to prove that he participated in any one of his rental real estate activities for more than 100 hours per year.

Petitioner cannot satisfy the first test because various independent contractors worked on each of his rental properties for unknown amounts of time.[5] Without quantification of the work performed by these third parties, we cannot determine whether petitioner's participation constituted "substantially all of the participation" with respect to any particular property. See Shiekh v. Commissioner, T.C. Memo. 2010-126 (taxpayer did not satisfy "substantially all" test where tenants were "responsible for the maintenance of that property").

To satisfy the second test with respect to a rental activity, petitioner must prove that he devoted more than 100 hours to that particular property. The regulations state that material participation may be established by "[c]ontemporaneous daily time reports, logs, or similar documents." But participation can also be established by other reasonable means, such as "appointment books, calendars, or narrative summaries" that identify the services performed and "the approximate number of hours spent performing such services." Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). Although the regulations permit some flexibility regarding the evidence required to prove material participation, we are not required to accept postevent "ballpark guesstimates," nor

---

[5]Petitioner testified that "handy people * * * were helping me at that time each day. And remember, I had to be there; it's not like they went there on their own to do this."

are we bound to accept the unverified testimony of taxpayers in the absence of adequate documentation.  See, e.g., Lum v. Commissioner, T.C. Memo. 2012-103; Estate of Stangeland v. Commissioner, T.C. Memo. 2010-185.

Petitioner did not keep a contemporaneous log or appointment calendar tracking his real estate activities.  His Google Calendar was created later, apparently in connection with the IRS audit.  The entries on that calendar, moreover, do not enable the Court to determine the number of hours that petitioner worked, either generally or on a specific property.  The entries have start times but no end times, and the calendar does not calculate any total hours.  Many entries provide only a property address, and petitioner provided no documentary evidence to substantiate the nature or extent of the work corresponding to these entries.  Other entries (e.g., "research" or "Home Depot") do not indicate the real estate activity to which they relate.  We have previously refused to prorate hours evenly between rental activities.  See Kosonen v. Commissioner, T.C. Memo. 2000-107 (taxpayer who spent a total of 877 hours on seven rental real estate properties but failed to provide evidence of the number of hours he spent on any one of the rental properties did not establish "material participation" in any one of his rental activities).

Petitioner's counsel acknowledged that the Google Calendar was only a "best guesstimate," and petitioner's testimony does not provide a reasonable

means by which to calculate his hours of participation either. He conceded that the amount of time corresponding to a particular entry would depend on the nature of the work done, but he was unable to describe this work--performed four to five years ago--other than in general terms. Although he testified that he spent a minimum of three hours working each day, many entries--e.g., "wrote checks" and "drive to nyc"--seem at odds with that number. Though it is clear that petitioner did spend significant time on his rental activities, the record does not establish any average number of hours worked daily. We are not persuaded that the Google Calendar or his testimony furnishes anything better than a "ballpark guesstimate." Bailey v. Commissioner, T.C. Memo. 2001-296; Carlstedt v. Commissioner, T.C. Memo. 1997-331; Speer v. Commissioner, T.C. Memo. 1996-323; Goshorn v. Commissioner, T.C. Memo. 1993-578.

We conclude that petitioner has not carried his burden of proving that he "materially participated" in any real estate activity by devoting more than 100 hours annually to it. As a result, petitioner cannot claim any time towards the 750-hour requirement because he has not proven that he "materially participated" in any of his "real property trades or businesses." See sec. 469(c)(7)(B)(ii). And even if we had a basis for concluding that petitioner "materially participated" in all four rental properties, he has not carried his burden of proving that he devoted at

least 750 hours to those properties in toto.  He therefore cannot qualify for the section 469(c)(7) exception for real estate professionals for 2008 or 2009.[6]

The statute includes a second exception to the passive activity loss disallowance rule, which allows taxpayers who "actively participate" in a rental real estate activity to deduct up to $25,000 of passive activity losses annually.  See sec. 469(i).  However, this exception begins to phase out when a taxpayer's adjusted gross income (AGI) exceeds $100,000.  It phases out entirely when AGI reaches $150,000.  Sec. 469(i)(3)(A); Moss v. Commissioner, 135 T.C. 365, 371 (2010).

Active participation is a lower standard than material participation and can be satisfied without regular, continuous, and substantial involvement in an activity.  See Madler v. Commissioner, T.C. Memo. 1998-112.  Respondent agreed that petitioner actively participated in a rental real estate activity during 2008 and 2009 but determined that his passive activity losses were subject to phaseout for

---

[6]Petitioner argues that time allocated to his Milford project should count towards the 750-hour threshold.  Without deciding whether this project was a "real property trade or business" as defined in section 469(c)(7)(C), we confront the same lack of proof.  Very few entries on petitioner's Google Calendar explicitly refer to the Milford project, and his testimony did not provide meaningful additional detail.  We are therefore unable to determine how many hours petitioner devoted to the Milford project.

both years.[7]  As a result, respondent allowed a passive activity loss of only $852

for 2008 and no loss at all for 2009.  Petitioner did not assign error to these

determinations.  We accordingly conclude that petitioner is not entitled to passive

activity loss deductions for 2008 or 2009 in excess of the amounts respondent

allowed.

It was clear to the Court that petitioner devoted substantial time to his rental

activities as a landlord.  But we cannot overemphasize the importance of keeping

thorough, contemporaneous time records and of complying with technical IRS

rules, such as those applicable to making an election to aggregate all rental

activities.  If petitioner had produced evidence that he made this election, and if he

had kept thorough contemporaneous time records, he might well have established

that he qualified as a real estate professional for 2008 and 2009.  We unfortunately

have no alternative but to rule against him on the record before us.

2.    Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required

to be shown on a return for each month or fraction thereof for which there is a

failure to file the return, not to exceed 25% in toto.  With extensions, petitioner's

---

[7]Although petitioner was unemployed in 2008 and 2009, he reported more than $100,000 in retirement income (pensions, annuities and/or IRA distributions) for each year, as well as unemployment compensation.

15

return was due on October 15, 2009. He filed his return on February 16, 2010. Respondent has thus borne his burden of producing evidence to show that the return was not timely filed.

Failure to file a tax return on or before the prescribed due date renders the taxpayer liable for an addition to tax unless he shows that such failure was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985). Petitioner offered no evidence that he was unable to file his return by October 15. We accordingly sustain respondent's imposition of the addition to tax under section 6651(a)(1) for 2008.

3.    Accuracy-Related Penalty

The Code imposes a 20% accuracy-related penalty on any underpayment attributable to any substantial understatement of income tax. See sec. 6662(a), (b)(2). An understatement is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A). The Commissioner bears the burden of production with respect to this penalty. Sec. 7491(c). Respondent's notice of deficiency, whose determinations we have sustained, determined an underpayment due to an understatement of income tax greater than $5,000 and 10% of the total tax required to be shown on petitioner's

2008 and 2009 returns. Respondent has thus carried his burden of production by demonstrating a "substantial understatement of income tax."

Section 6664(c)(1) provides that the accuracy-related penalty shall not be imposed with respect to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." The decision whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the taxpayer's effort to assess his proper tax liability. Id. Other circumstances include the experience, knowledge, and education of the taxpayer. Id.

Although we have determined that petitioner did not satisfy the 750-hour threshold, we find that petitioner "made a reasonable and good faith error in applying the law to the facts of this case." See Connolly v. Commissioner, T.C. Memo. 1994-218, aff'd, 58 F.3d 637 (5th Cir. 1995). Petitioner is not a tax expert, and he reasonably believed that he qualified as a real estate professional during 2008 and 2009. He had no other employment during those years and was solely responsible for managing four rental properties. He also worked on developing a fifth property. Only because he failed to prove his claimed election to aggregate

his activities (a technical filing requirement) or keep a contemporaneous log (which is not required but is a best practice) did we find that petitioner failed to satisfy his burden. It is entirely possible that petitioner did devote more than 750 hours to his properties in both 2008 and 2009 but simply failed to satisfy the complex requirements of section 469. Accordingly, on the specific facts of this case, the totality of the circumstances, and the evidence presented at trial, we find petitioner not liable for the section 6662(a) accuracy-related penalties for the years in issue.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiencies and the addition to tax under section 6651(a)(1) and for petitioner as to the section 6662(a) accuracy-related penalties.</u>